IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOE ANGEL DUARTE,

      Petitioner,

v.                                                  Civ. No. 03-0544 BB/LCS

PATRICK SNEDEKER, Warden,

      Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court upon Petitioner's Application for Writ of Habeas Corpus Pursuant to 28. U.S.C. § 2254 filed May 9, 2003 (Doc. 1) and upon Respondent's Motion to Dismiss filed July 8, 2003 (Doc. 11). Petitioner is proceeding *pro se* and *in forma pauperis*. The Court finds that Respondent's Motion to Dismiss is well-taken, and recommends that Respondent's Motion to Dismiss be **GRANTED** and that Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 filed May 9, 2003 be **DISMISSED WITH PREJUDICE**.

### PROCEDURAL BACKGROUND

Petitioner filed his Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on May 9, 2003 (Doc. 1), proceeding *pro se* and *in forma pauperis*. Respondent answered the Petition on July 8, 2003 (Doc. 10). Respondent also filed a Motion to Dismiss with a supporting memorandum on July 8, 2003 (Docs. 11-12). The Court thereafter set a briefing scheduling, requiring Petitioner to respond no later than September 2, 2003 and permitting Respondent to file a Reply by September, 16 2003 (Doc. 13). Petitioner failed to file a Response to the Motion to Dismiss.

The Court therefore recommends that Petitioner be found to have consented to granting of the Motion to Dismiss this matter with prejudice.

**PETITIONER'S STATE COURT PROCEEDINGS**

Petitioner was confined pursuant to Judgment, Sentence, and Commitment filed February 23, 1995 in the Fifth Judicial District Court, County of Eddy. Answer. Ex. A. Petitioner pled guilty to burglary, larceny, conspiracy possession of drug parahernalia and possession of controlled substance, all committed on July 9, 1994. *Id.*

Petitioner was sentenced to be imprisoned by the Department of Corrections for a term of six (6) years for the 1994 crimes, but habitual offender enhancements increased his total sentence to thirty (30) years. *Id.* Petitioner's prior felony convictions include a 1981 aggravated burglary, a 1985 aggravated battery, a 1988 burglary and possession of burglary tools, and a 1994 voluntary manslaughter. *Id.* The Plea and Disposition Agreement signed by the Petitioner and filed on February 22, 1995, specifically provided that Petitioner acknowledged "that an additional one (1) year must be added to your sentence if you have one (1) prior felony conviction, or that an additional four (4) years must be added to your sentence if you have two (2) prior felony convictions, or than additional eight (8) years must be added to your sentence if you have three (3) prior felony convictions." Answer Ex. B.

On July 30, 2002 Petitioner filed for a Writ of Habeas Corpus in state court alleging ineffective assistance of counsel because counsel's advice led him to believe that fifteen years would be the maximum sentence that he would receive. Answer Ex. C. The state district court denied Petitioner's habeas corpus petition stating that when the plea was entered the Petitioner understood the proceedings that led to his sentencing. Answer Ex. D.

Petitioner again filed for a Writ of Habeas Corpus in state court on December 2, 2002 alleging ineffective assistance of counsel due to counsel's incorrect advice as to the length of Petitioner's potential sentence. Answer Ex. I. The court denied Petitioner's Writ of Habeas Corpus.

> In reviewing the transcript and the plea/sentencing it became clear District
> Attorney was seeking the maximum sentence for this habitual offender.
> The defense argued for a less severe sentenced and it is noted that the Court,
> in going through the Plea Agreement with the Defendant, asked him if he
> understood the term of sentence for each Count and the Court went
> through each individually.  The Defendant responded that he did understand
> those sentences.  After each Count was explained in reference to sentences,
> the Court then asked and the Defendant confirmed he understood the
> Habitual Criminal Act and this his sentences could be enhanced.
> Answer. Ex. J.

Petitioner thereafter petitioned the New Mexico Supreme Court for writ of certiorari on December 19, 2002.  Answer Ex. K.  The petition for certiorari was denied on February 25, 2003.  Answer Ex. O.  Petitioner filed the instant Application for Writ of Habeas Corpus Pursuant to § 2254 on May 9, 2003 (Doc. 1).

## RESPONDENT'S MOTION TO DISMISS

In the Motion to Dismiss filed on July 8, 2003 (Doc. 11), Respondent argues that Petitioner's Application be dismissed because Petitioner's claim is time barred and because Petitioner advances no claims cognizable under 28 U.S.C. § 2254.  Respondent urges that such dismissal be with prejudice (Doc. 12).  Petititioner has failed to respond to the Motion to Dismiss.

**A.    Statute of Limitations**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner has one year from the date that his Judgment became final to file an application for a federal writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  Petitioner's state convictions became final before the passage of the AEDPA; therefore, Petitioner had until April 24, 1997, one year from the passage of the Act, to seek federal habeas relief.  *United States v. Simmonds*, 11 F. 3d 737, 746 (10th Cir. 1997). Petitioner filed for federal habeas relief on May 9, 2003 (Doc. 1), more than six years after the April 24, 1997 deadline.  Because Petitioner's application for federal habeas relief is barred by the statute

of limitations and is without merit, I recommend the dismissal of the petition without further proceedings.

**B.     State Court Decision on the Merits**

Because Petitioner filed his federal habeas petition after the effective date of the AEDPA, the petition is ruled by its provisions. *See Williams v. Taylor*, 529 U.S. 346, 402 (2000). Under the AEDPA, the standard of review for a given claim for relief depends on whether the state courts adjudicated the claim on its merits. *See generally, Williams*, 529 U.S. 362; 28 U.S.C. § 2254(d)(1). If the state court decided a claim on its merits, the Court may grant habeas relief only if the decision "was contrary to, or involved in an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in the light of the evidence presented in the Court." 28 U.S.C. § 2254(d)(1). The Court must presume that the factual findings of the state court are correct, unless they are rebutted by clear and convincing evidence. 28 U.S.C.§ 2254(e)(1). If the state court addressed a claim under an improper legal standard, however, the Court is "unconstrained by AEDPA deference." *Revilla v. Gibson*, 283 F. 3d 1203, 1220 (10th Cir. 2002).

As discussed above, it is clear that the New Mexico state court addressed Petitioner's ineffective assistance of counsel claim on the merits and found that he failed to meet his *Strickland* burden. Answer Ex. J. This Court must presume that the factual findings of the state court are correct, unless they are rebutted by clear and convincing evidence. 28. U.S.C. § 2254(e)(1). The factual findings upon which the New Mexico state court's Order Denying Writ of Habeas Corpus is based remain uncontroverted.

A guilty plea must "represent[] a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). The

New Mexico state court found that Petitioner's plea was knowing and voluntary. Answer Ex. J. The state court's decision on the merits was not "contrary to" nor did it involve "an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States," nor was the decision "based on an unreasonable determination of the facts in light of the evidence presented in the Court." 28 U.S.C. § 2254(d)(1). Therefore, it is apparent that Petitioner's habeas petition includes no cognizable claim under federal law and is thus without merit. *See Williams*, 529 U.S. at 362. Petitioner's habeas petition should be dismissed with prejudice.

**C.     Failure to Respond**

I also note that Peititioner has failed to timely respond to Respondent's Motion to Dismiss. Petitioner has come forward with no additional information to controvert the information provided in the Answer, Motion to Dismiss, and supporting memorandum.

Plaintiff's failure to comply with the Court's order or statutory requirements, or to show cause for excusing the failure, indicates a manifest lack of interest in litigating his claims, *Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Oklahoma Publishing Co. v. Powell*, No. 78-1856, 1980 WL 6687, at *2 (10th Cir. Mar. 7, 1980). It also constitutes grounds for dismissing the complaint. *Baker v. Suthers*, No. 00-1332, 2001 WL 617549, at **3 (10th Cir. June 5, 2001). Civil Rule 7.1 (b) of the District of New Mexico Rules, provides that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." Petitioner failed to file a response to the Motion to Dismiss before this Court within the specified time. As such, the failure of Petitioner to respond to the Motion within the period specified by the Court constitutes his consent to granting of the Motion. The Court has considered the merits of Petitioner's claims and has noted Petitioner's failure to file a Response to Respondent's Motion to Dismiss. Based upon the

applicable law and the facts, the Court makes the following recommendation.

## RECOMMENDED DISPOSITION

I recommend **GRANTING** Respondent's Motion to Dismiss filed July 8, 2003 (Doc. 11) and **DISMISSING WITH PREJUDICE** Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 filed May 9, 2003 (Doc. 1). Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the Unitesd States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**